IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONDELL CHAMBERS,** | : | |
| Petitioner | : | |
| | : | No. 1:23-cv-00274 |
| v. | : | |
| | : | (Judge Kane) |
| **BUREAU OF PRISONS, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Pending before the Court is Petitioner Rondell Chambers ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. Nos. 1, 4, 6.)[1] He seeks an order directing the Federal Bureau of Prisons ("BOP") to award him earned time credits, as required under the First Step Act ("FSA") of 2018. (Id.) For the reasons set forth below, the petition will be denied.

**I.    BACKGROUND**

Petitioner is currently serving a thirty-three (33) month term of imprisonment imposed by the United States District Court for the District of Connecticut for a conviction of felon in possession of a firearm and ammunition. (Doc. No. 13-1 at 3, ¶ 3.) He entered the custody of the BOP on November 11, 2022 (id. at 6), and his projected release date, via good conduct time, is August 15, 2024 (id. at 3, ¶ 3).

On February 15, 2023, while Petitioner was incarcerated at Federal Correctional Institution Allenwood in White Deer, Pennsylvania, he commenced the above-captioned action by filing his Section 2241 petition (Doc. No. 1) and subsequently paying the requisite filing fee

---

[1] After Petitioner filed his original petition, he filed two (2) supplemental petitions. (Doc. Nos. 4, 6.) These supplemental petitions appear to be re-written copies of his original petition and, thus, the Court refers collectively to his petitions as the "petition."

(Doc. No. 9). Petitioner contends that the BOP has unlawfully denied him earned time credits under the FSA. (Doc. Nos. 1, 4, 6.) In support, he asserts that the BOP is required to apply his earned time credits to his federal sentence regardless of his recidivism risk level or his pending detainer. (Doc. Nos. 1 at 1, 5–6, 8; 4 at 1, 6, 9–10; 6 at 1, 6, 9–12.) As for relief, he requests that the Court order the BOP to immediately apply his FSA earned time credits and transfer him to supervised release or a halfway house, or transfer him back to the State of Connecticut to finish serving the remainder of his state sentence. (Doc. Nos. 1, 10; 4 at 1, 12; 6 at 1, 12.)

On May 17, 2023, following some initial administrative matters (Doc. Nos. 3, 8), the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to file a response to the allegations contained in the petition within twenty (20) days. (Doc. No. 11.) On June 6, 2023, Respondent filed a response to the petition, arguing that the Court should dismiss the petition because Petitioner failed to exhaust his administrative remedies and because, alternatively, his petition is without merit because the BOP properly determined that he is not eligible to have his earned time credits applied to his federal sentence. (Doc. No. 13.) On June 20, 2023, Petitioner filed a traverse, reasserting his arguments and contending that exhaustion should be excused. (Doc. No. 14.)

Thus, the petition, which has been fully briefed by the parties, is ripe for the Court's resolution. Having reviewed the parties' respective arguments, the underlying record in this matter, and relevant authorities, the Court agrees with Respondent that the petition is subject to dismissal. Because the Court ultimately concludes that the petition is without merit, the Court need not address the sharply disputed issue of exhaustion. See Turnage v. U.S. Att'y Gen., No. 07-cv-01391, 2009 WL 604141, at *4 (M.D. Pa. Mar. 9, 2009) (declining to determine whether

Section 2241 petitioner should be excused from failing to exhaust his administrative remedies because the petition was without merit).

## II.   DISCUSSION

Under the FSA, an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" which "shall be applied toward time in prerelease custody or supervised release." See 18 U.S.C. § 3632(d)(4)(A), (C).  More specifically, the FSA allows eligible inmates to earn ten (10) days of time credits for every thirty (30) days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs").  See 18 U.S.C. § 3632(d)(4)(A)(i).  Additionally, if the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased his or her risk of recidivism over two (2) consecutive assessments, then the inmate shall earn an additional five (5) days of time credit for every thirty (30) days of successful participation in EBRR programming or PAs.  See id. § 3632(d)(4)(A)(ii).

In addition, and of particular importance in this case is that, under Section 3624(g) of the FSA, placement in prelease custody requires that the inmate has been determined "to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval "by the warden of the prison[.]"  See 18 U.S.C. § 3624(g)(1)(D)(i).  Similarly, under Section 3624(g) of the FSA, an early transfer to supervised release requires that the inmate has been determined "to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."  See id. § 3624(g)(1)(D)(ii).  In other words, in both of these situations—i.e., placement in prelease custody or early transfer to supervised release—application of earned time credits under the FSA cannot occur until the inmate has been determined to be a minimum or low recidivism risk.  See id. § 3624(g)(1)(D)(i)-(ii).

Despite Petitioner filing several lengthy petitions and a reply (Doc. Nos. 1, 4, 6, 14), he does not address this specific language contained in the FSA. Instead, he argues that the BOP should be ordered to apply his earned time credits to his federal sentence, regardless of his recidivism risk level. (Id.) In support of his argument, he points to the mandatory language of 18 U.S.C. § 3624(d) (Doc. Nos. 1 at 8; 4 at 9; 6 at 9), which provides, in pertinent part, that an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" which "shall be applied toward time in prerelease custody or supervised release." See 18 U.S.C. § 3632(d)(4)(A), (C) (emphasis added). In further support of his argument, Petitioner emphasizes that Congress elected to use the word "shall" and not "may." (Doc. No. 1 at 8.)

Petitioner's argument is unavailing. Petitioner disregards the plain language of Section 3624(g), which is expressly referenced in 18 U.S.C. § 3624(d), the specific statutory provision upon which Petitioner relies for his argument. See 18 U.S.C. § 3632(d)(4)(C) (instructing that "[t]he Director of the [BOP] shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release" (emphasis added)). Section 3624(g), in other words, determines which inmates are "eligible" for application of earned time credits toward prelease custody or supervised release. See id. And, as discussed supra, Section 3624(g) mandates that application of earned time credits cannot occur until the inmate has been determined to be a minimum or low recidivism risk. See 18 U.S.C. § 3624(g)(1)(D)(i)-(ii).

Thus, although Petitioner is eligible to earn FSA time credits, those credits cannot be applied toward time in prerelease custody or supervised release until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment[.]" See 18 U.S.C. §

4

3624(g)(1)(B); see also Navarro v. Barraza, No. 3:23-cv-00514, 2023 WL 3483235, at *3 (M.D. Pa. May 16, 2023) (stating that "[i]nmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk" (citation omitted)).  And, as reflected by the documentary evidence that has been submitted into the record by Respondent, Petitioner's current recidivism risk is high.  (Doc. No. 13-1 at 4, ¶ 8; id. at 11.)  Accordingly, as explicitly prescribed by Congress, Petitioner will not be eligible for application of earned time credits until, inter alia, his recidivism risk level is reduced to minimum or low.

### III.     CONCLUSION

For all of the foregoing reasons, the Court will deny the instant Section 2241 petition.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania